E-FILED
Tuesday, 07 April, 2020 09:21:40 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Randall Jarrett, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 20-1098 |
| | ) | |
| Allan Doran, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## **Merit Review Order**

The plaintiff, proceeding *pro se*, and currently detained at Livingston County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges that members of the Pontiac Police Department used unreasonable force against him during a traffic stop that occurred on July 4, 2015. Plaintiff did not file this lawsuit within the applicable two-year statute of limitations. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2014) ("Section 1983 suits in Illinois have a two-year statute of limitations.") (citation omitted); *Liberty v. City of Chicago*, 860 F.3d 1017, 1019 (7th Cir. 2017). Plaintiff's lawsuit is not timely, and, therefore, this case will be dismissed.

**It is therefore ordered:**

1. **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot.**

2. **The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58. This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

3. **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

4. **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does**

**choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 7th day of April, 2020.

s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE